UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| A/Z CORPORATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00457-JCN |
| | ) | |
| MATT CARR ELECTRIC, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS**

Plaintiff asks the Court to approve an attachment and attachment on trustee process against Defendants Matt Carr and Matt Carr Electric, LLC, to secure a potential judgment on Plaintiff's claims arising out of a payment that Plaintiff made to Defendant Matt Carr Electric, LLC, in connection with a construction project at the PQI Airport Terminal in Presque Isle, Maine (the project). (Motion for Attachment, ECF No. 7.) Plaintiff seeks an attachment against Defendants' property in the amount of $699,120.48. Defendants did not file an opposition to the motion. [1]

Following a review of the record and after consideration of Plaintiff's motion, the Court grants the motion.

[1] District of Maine Local Rule 7(b) provides in relevant part: "If a timely objection or response [to a motion] is not filed, it is waived." D. Me. Loc. R. 7(b). At Defendants' request, the Court extended the deadline for Defendants to respond to the motion to November 12, 2026. (Order, ECF No. 10.) As of the date of this order, Defendants have not filed a response to the motion.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 64 and District of Maine Local Rule 64, the Court applies Maine law when presented with a motion for attachment. To obtain an attachment and attachment on trustee process, a plaintiff must demonstrate that "it is more likely than not that the plaintiff will recover judgment in an amount equal to or greater than the aggregate sum" of the attachment and trustee process and "any insurance, bond, or other security, and any property or credits attached" by another writ of attachment or by other trustee process "shown by the defendant to be available to satisfy the judgment." M. R. Civ. P. 4A(c), 4B(c). The motion must be supported by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." M. R. Civ. P. 4A(i), 4B(c). The governing rules also provide that "[i]f the defendant is deemed to have waived all objection to the motion as provided in Rule 7(c) for failure to file opposition material within the time therein provided or as extended, the court shall, without hearing, upon a finding that the plaintiff is entitled to an attachment under the terms of this subdivision (c), enter an order of approval of attachment in an appropriate amount." M. R. Civ. P. 4A(c), 4B(c).

According to the sworn declaration of its Defendant's Chief Operating Officer, in September 2025, Plaintiff, which served as the general contractor for the project, contracted with Matt Carr Electric (MCE) to perform electrical and related work on the project with a total contract price of $5,501,500. The contract provides for periodic payments based on an application for payment which itemized the work performed by MCE.

In November 2025, in accordance with the contract, MCE submitted an application for a payment, which application included an itemization of the work performed. The application placed the monetary value of the work at $799,022.76. The application also included a Trade Contractor's Affidavit of Partial Payment, Partial Waiver and Release of Liens signed by Matt Carr. Plaintiff paid MCE $719,120.48.

Plaintiff asserts that the work was substandard and incomplete with a value of no more than $50,000. Plaintiff also maintains that MCE did not use the funds to pay its suppliers and subcontractors and that Matt Carr used the funds for personal expenses. Plaintiff terminated the contract with MCE and demanded repayment, but Matt Carr Electric failed to repay the funds.

Plaintiff alleges multiple claims against MCE, including a claim for breach of contract. Plaintiff also asserts that the Court should exercise its equitable authority and find Matt Carr personally responsible for MCE's obligations.

To plead a breach of contract claim, a plaintiff must allege the existence of an agreement with the defendant, the defendant's breach of a material term of the agreement, and that the breach caused the plaintiff damages. *Boyne USA Inc. v. Starr Surplus Lines Ins. Co.*, No. 2:24-cv-00247, JAW, 2025 WL 358917, at *11 (D. Me. Jan. 31, 2025). The uncontroverted record establishes (1) that Plaintiff and MCE entered into a written contract for MCE to provide electrical work in connection with the project, (2) that on MCE's application for payment as contemplated by the contract, Plaintiff paid MCE $719,120.48, (3) that MCE did not perform all the work required by the contract and reflected in the application for payment, (4) the value of the work performed by MCE does not exceed

$50,000, and (4) MCE abandoned the project and has not repaid any of the monies paid by Plaintiff despite Plaintiff's demands for repayment. This record evidence supports a finding that on its breach of contract claim, Plaintiff is likely to recover a judgment against MCE in the amount of $699,120.48 ($719,120.48 - $50,000).

Under Maine law, the corporate veil can be pierced "when the party seeking to do so establishes that the other party abused the privilege of a separate corporate entity and an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Advanced Const. Corp. v. Pilecki*, 901 A.2d 189, 194-95 (Me. 2006) (internal quotation marks and citation omitted). Plaintiff argues that the Court should pierce the veil of MCE because (1) Matt Carr, as the sole member of MCE, exercised complete control over the business, (2) Matt Carr signed and swore to the payment application that resulted in the payment of $719,120.48 to MCE even though MCE had not performed the work reflected on the application, (3) Matt Carr personally drew the payment, (4) MCE and Matt Carr did not use the funds to pay MCE's subcontractors, suppliers and vendors, and (5) after abandoning the project, Matt Carr made substantial personal expenditures.

Plaintiff's argument is persuasive. The record evidence on which Plaintiff relies, which evidence is undisputed given Defendants' failure to respond to the motion for attachment, supports a finding that Plaintiff is likely to establish that Defendants "abused the privilege of a separate corporate entity and an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Id.* Accordingly, an attachment and an attachment on trustee process on Matt Carr's property is warranted.

## CONCLUSION

Following a review of the record, for the reasons explained above, the Court finds that Plaintiff has demonstrated that Plaintiff is likely to recover a judgment in the amount of $699,120.48 against Defendants Matt Carr Electric, LLC and Matt Carr. The Court, therefore, grants Plaintiff an attachment and an attachment on trustee process in the amount of $699,120.48 on the property of Defendants Matt Carr Electric, LLC and Matt Carr.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of November, 2026.